**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-1215**

─────────────

JOSE FRANCISCO RODRIGUEZ-AMAYA,

        Petitioner,

     v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

─────────────

On Petition for Review of an Order of the Board of Immigration Appeals.

─────────────

Submitted:  October 28, 2022               Decided:  December 15, 2022

─────────────

Before GREGORY, Chief Judge, QUATTLEBAUM, Circuit Judge, and TRAXLER, Senior Circuit Judge.

─────────────

Petition dismissed in part and denied in part by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Jay S. Marks, LAW OFFICES OF JAY S. MARKS, LLC, Silver Spring, Maryland, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Sabatino F. Leo, Assistant Director, Corey L. Farrell, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Francisco Rodriguez-Amaya, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that Rodriguez-Amaya's asylum application was untimely. *See* 8 U.S.C. § 1158(a)(3); *Salgado-Sosa v. Sessions*, 882 F.3d 451, 459 (4th Cir. 2018). Accordingly, we dismiss the petition for review from that part of the Board's order.

While we lack jurisdiction to consider the denial of Rodriguez-Amaya's untimely asylum application, we retain jurisdiction to consider the denial of withholding of removal as this claim is not subject to the one-year time limitation. *See* 8 C.F.R. § 1208.4(a) (2022). Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the applicant shows a "clear probability that [his] life or freedom would be threatened because of [his] race, religion, nationality, membership in a particular social group, or political opinion." *Tang v. Lynch*, 840 F.3d 176, 183 (4th Cir. 2016) (cleaned up). If the applicant establishes past persecution on account of a protected ground, "it shall be presumed that the applicant's life or freedom would be threatened in the future[.]" 8 C.F.R. § 1208.16(b)(1)(i) (2022). When an applicant claims to fear persecution by a private actor, as in this case, he must also show that the government in his native country is unable or unwilling to control his persecutor. *Orellana v. Barr*, 925 F.3d 145, 151 (4th Cir. 2019).

2

We review the agency's factual findings for substantial evidence. *Diaz de Gomez v. Wilkinson*, 987 F.3d 359, 362 (4th Cir. 2021). Factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Legal issues are reviewed de novo. *Diaz de Gomez*, 987 F.3d at 363. We conclude that substantial evidence supports the Board's finding that Rodriguez did not show that the Salvadoran government was unable or unwilling to control his persecutor. Thus, we deny the petition for review from that part of the Board's order.

Lastly, we lack jurisdiction to review the IJ's decision that Rodriguez-Amaya did not meet his burden of proof for protection under the CAT. On appeal, the Board determined that the issue was waived because Rodriguez-Amaya did not raise the issue in his brief. It is well established that a petitioner must exhaust "all administrative remedies available to the alien as of right" before petitioning for review of a final order of removal. 8 U.S.C. § 1252(d)(1). A petitioner who fails to raise a particular claim before the Board fails to exhaust that claim. *See Tiscareno-Garcia v. Holder,* 780 F.3d 205, 210 (4th Cir. 2015). An applicant "must raise each argument to the [Board] before we have jurisdiction to consider it." *Kporlor v. Holder,* 597 F.3d 222, 226 (4th Cir. 2010) (internal quotation marks omitted). We have "no authority" to consider issues not raised before the Board. *Cedillos-Cedillos v. Barr*, 962 F.3d 817, 823 n.3 (4th Cir. 2020). Moreover, Rodriguez-Amaya fails to contest the Board's finding that he did not raise a meaningful challenge to the denial of protection under the CAT. The issue is thus waived and we dismiss the petition for review from that part of the Board's order. *See United States v.*

3

*Cohen*, 888 F.3d 667, 685 (4th Cir. 2018) (holding "it is elementary that an issue not presented fairly in an appellant's opening appellate brief is thereby waived").

Accordingly, we dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART*
*AND DENIED IN PART*